IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: _____

ANA FRANCES BORGE, and
and all others similarly situated,

       Plaintiffs,

v.

GROCERY PRIMOS, INC.,
a Florida corporation,
SUPER PRIMOS, INC.,
a Florida corporation,
PRIMOS SUPERMARKET CORP.,
a Florida corporation,

a Florida corporation,
PRIMOS CONVENIENCE, LLC
a Florida Limited Liability Company
NASER OTHMAN, individually,
AHMAND OTHMAN, individually
FIDEL OTHMAN, individually
PETRONA GARCIA, individually,

       Defendants.
_____/

## **COMPLAINT**
OPT IN PURSUANT TO § 216 (b)

Plaintiffs, ANA FRANCES BORGE, ("Plaintiff") on behalf of herself and all others similarly situated ("Plaintiffs"), by and through the undersigned counsel, hereby sue Defendants, GROCERY PRIMOS, INC., SUPER PRIMOS, INC., PRIMOS SUPERMARKET CORP., PRIMOS CONVENIENCE, LLC (collectively "PRIMOS"), NASER OTHMAN, AHMAND OTHMAN, FIDEL OTHMAN, and PETRONA GARCIA (collectively "Defendant(s)"), and in support aver as follows:

## GENERAL ALLEGATIONS

1.    This is a class action by the Plaintiffs for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, and unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), violation of the federal Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1961 *et seq.* ("federal RICO"), violation of the Florida Unfair and Deceptive Trade Practices act Fla. Stat. § 501.203, and for injunctive relief pursuant to Federal Rule of Civil Procedure 65.

2.    The members of the class are current and former hourly employees of GROCERY PRIMOS, INC., SUPER PRIMOS, INC., PRIMOS CONVENIENCE, LLC, and PRIMOS SUPERMARKET CORP., (hereinafter "PRIMOS") whose wages have been depressed or otherwise unpaid by GROCERY PRIMOS, INC.'S, SUPER PRIMOS, INC.'S, PRIMOS CONVENIENCE, LLC'S, and PRIMOS SUPERMARKET CORP.'S ongoing commission of wire fraud, mail fraud, failure to pay minimum wages, failure to pay overtime wages, pyramiding of employment taxes, paying employees in cash, misclassifying employees as independent contractors, failing to file payroll taxes, forcing employees to commit SNAP/EBT fraud and GROCERY PRIMOS, INC.'S, SUPER PRIMOS, INC., , PRIMOS SUPERMARKET CORP's and PRIMOS CONVENIENCE, LLC's employment and harboring of numbers of illegal workers for whom federal payroll taxes were unpaid or understated by Defendants, GROCERY PRIMOS, INC., SUPER PRIMOS, INC.,      PRIMOS   SUPERMARKET   CORP.,   PRIMOS CONVENIENCE, LLC, NASER OTHMAN, AHMAND OTHMAN, FIDEL OTHMAN and PETRONA GARCIA.

3.      Defendants threatened Plaintiffs in a blatant attempt to intimidate Plaintiffs from seeking recourse for improper payment and whistleblowing said illegal activity.  Defendants' employment, improper payment and harboring of illegal workers and failure to properly pay federal payroll taxes and SNAP/EBT fraud is presently a continuing and ongoing enterprise designed to defraud Plaintiffs and similarly situated employees.

4.      Plaintiffs' federal RICO claims are sought to redress civil rights injuries as a result of having been intimidated, threatened, injured and otherwise subjected to adverse treatment as a result of an unlawful conspiracy entered by Defendants with the ultimate goal of forcing employees to commit SNAP/EBT fraud, illegally avoiding payroll taxes, employing undocumented workers, and coercing Plaintiffs into abandoning their business interests, employment, and interests unlawfully transferred for the benefit and use of GROCERY PRIMOS, INC., SUPER PRIMOS, INC.,  PRIMOS SUPERMARKET CORP. and PRIMOS CONVENIENCE, LLC and individual Defendants, NASER OTHMAN, AHMAND OTHMAN, FIDEL OTHMAN, and PETRONA GARCIA. Defendants' conduct is in derogation of rights secured to Plaintiffs by the Constitution and laws of the United States of America.

5.      Defendants conspired with each other in the performance of predicate criminal acts to force Plaintiffs to withdraw their claims for payment of payroll taxes, wages, overtime, breach of contract damages, and expenses which Defendants agreed to pay.

6.      Defendants have further conspired with each other in order to evade federal Immigration and Naturalization laws.

7.      Defendants have further conspired with each other to commit SNAP/EBT fraud.

8.    Defendants have conspired with each other and others, who attempted to intimidate Plaintiffs to abandon their claims against Defendants.

9.    The threats were intended to coerce Plaintiffs into abandoning lawsuits against Defendants, in an attempt to deprive Plaintiffs of their constitutional right to access the courts.

10.   Plaintiffs seek injunctive relief enjoining Defendants and those acting in concert with them from future intimidation, retaliation, and threats or otherwise injuring Plaintiffs in retaliation for Plaintiffs exercising their rights to seek redress of their grievances in a state or federal court of law.  Because the nature of the Defendants' actions are so egregious, Plaintiffs also seek compensatory and punitive damages, as may be found by a jury, costs and attorneys' fees.

11.   This Court has jurisdiction over Plaintiffs' claims pursuant to the 29 U.S.C. § 216, U.S.C. §1964(C), 28 U.S.C. § 1332 and 1343 (federal question) and 28 U.S.C. §1367 (ancillary jurisdiction). A claim is also stated under common law and the Constitution and statues of the State of Florida.  The state pendent claim arises from the same operative facts and should be considered under the Courts' pendent jurisdiction.

12.   Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), as Defendants GROCERY PRIMOS, INC., SUPER PRIMOS, INC.,  PRIMOS SUPERMARKET CORP., PRIMOS CONVENIENCE, LLC, NASER OTHMAN, AHMAND OTHMAN, FIDEL OTHMAN, and PETRONA GARCIA, reside in this district and the event giving rise to Plaintiffs' claims occurred in this district.  Venue is also proper in this district pursuant to 18 U.S.C. § 1965, as GROCERY PRIMOS, INC., SUPER PRIMOS, INC., PRIMOS SUPERMARKET CORP., PRIMOS CONVENIENCE, LLC, are found in and

transact their affairs in the Southern District of Florida where Plaintiffs worked for Defendants, and at all times material hereto was and is engaged in interstate commerce.

13.    Plaintiffs were at all times relevant to this action, and continue to be, residents of the Southern District of Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the FLSA.

14.    Defendant, NASER OTHMAN is a director of, and exercised operational control over the activities of Defendant, GROCERY PRIMOS, INC.

15.    Defendant, NASER OTHMAN is a director of, and exercised operational control over the activities of Defendant, SUPER PRIMOS, INC.

16.    Defendant AHMAND OTHMAN exercised operational control over the activities of on or more of the Defendants, SUPER PRIMOS, INC., GROCERY PRIMOS, INC., PRIMOS SUPERMARKET CORP. and/or PRIMOS CONVENIENCE, LLC.

17.    Defendant FIDEL OTHMAN is a director of, and exercised operational control over the activities of Defendant, PRIMOS SUPERMARKET CORP.

18.    Defendant, PETRONA GARCIA is a member of, and exercised operational control over the activities of Defendant, PRIMOS CONVENIENCE, LLC.

19.    Defendant, PETRONA GARCIA, is married to Defendant, NATHER OTHMAN.

20.    Upon information and belief, NASER OTHMAN, AHMAND OTHMAN, AND FIDEL OTHMAN are related individuals.

21.    Declaratory, injunctive, legal, and equitable relief are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

22.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

23.   Plaintiff performed work for Defendants as a non-exempt employee for periods between August 1, 2013 to on or about October 4, 2015.

24.   Defendants, SUPER PRIMOS, INC., PRIMOS CONVENIENCE, LLC., PRIMOS SUPERMARKET CORP. and GROCERY PRIMOS, INC. (collectively "PRIMOS") through their respective managing members, directors and officers, entered into an agreements with each other and whereby the PRIMOS entities would act as a joint employers of Plaintiffs to provide convenience store staffing for SUPER PRIMOS, INC., PRIMOS CONVENIENCE, LLC., PRIMOS SUPERMARKET CORP. and GROCERY PRIMOS, INC. ("PRIMOS') stores.

25.   The individual defendants each disregarded the PRIMOS entities in that they each made the various PRIMOS entities a mere instrumentality for the conducting of their own affairs to commit fraud and perpetrate the violations of a the statutory or other legal duties described herein.

26.   Plaintiff, ANA FRANCES BORGE, upon discovery that certain workers were not being properly paid and yet others who were undocumented were not receiving W-2 forms, immediately brought these employee problems to the attention of PRIMOS' directors, managing members, and officers including Defendants NASER OTHMAN, PETRONA GARCIA, FIDEL OTHMAN and  AHMAND OTHMAN, thereby giving NASER OTHMAN, PETRONA GARCIA, FIDEL OTHMAN and  AHMAND OTHMAN the

opportunity to cure the defect in the hiring and improper payment of undocumented workers. Upon information and belief, the PRIMOS Defendants also failed to withhold and pay payroll tax, and harbored undocumented workers on its work sites.

27.    ANA FRANCES BORGE, upon discovery that the PRIMOS entities, through their respective managing members, directors and officers, were engaging in the fraudulent use of SNAP/EBTs, encouraging a minimum 50% discount rate on the use of customer SNAP/EBTs to purchase liquor, tobacco, lottery tickets, or conversion of the SNAP/EBTs into cash, brought these SNAP/EBT problems to the attention of PRIMOS' directors, managing members, and officers including Defendant NASER OTHMAN, PETRONA GARCIA, AHMAND OTHMAN, and  FIDEL OTHMAN, thereby giving NASER OTHMAN, PETRONA GARCIA, FIDEL OTHMAN and AHMAND OTHMAN the opportunity to cure the defect in the hiring and improper payment.

28.    Upon information and belief, each the PRIMOS entities and the individual defendant directors engaged in a common scheme to not properly pay Plaintiffs' wages and to not properly pay Plaintiffs' payroll taxes.

29.    Upon information and belief, each the PRIMOS entities and the individual defendant directors engaged in a common scheme to encourage the fraudulent use of SNAP/EBTs.

30.    Plaintiffs allege that the termination of the Plaintiffs' employment was in retaliation for "whistleblowing" the improper wage practices, the illegal undocumented workers employed by PRIMOS, for the whistleblowing of the Internal Revenue Service payroll tax evasion and failure to properly provide W-2 tax records, the over-withholding of payroll taxes pyramiding of payroll taxes for said PRIMOS employees, the fraudulent use

of SNAP/EBTs, as well as in retaliation for demand for payment for wages, overtime, and expenses for services rendered by Plaintiffs to Defendants.

31.   On October 4, 2015, Defendants, through NASER OTHMAN, terminated Plaintiff's employment in retaliation for Plaintiff engaging in the above-described protected activity.

32.   At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

33.   Throughout Plaintiffs' employment, Plaintiffs worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiffs, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

34.   Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

35.   Additionally, throughout Plaintiff's employment, Plaintiff's was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

36.   Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected the Defendants' failure to properly pay wages.

37.   Defendants terminated Plaintiffs in retaliation for engaging the protected activity described above.

38.   Plaintiff alleges and affirms that other class members have received similar treatment from Defendants.

## COUNT I

### *Conspiracy to Violate Civil Rights Under 18 U.S.C. § 1962 against NASER OTHMAN, FIDEL OTHMAN, PETRONA GARCIA and AHMAND OTHMAN*

39.    This is an action for damages against NASER OTHMAN, AHMAND OTHMAN, FIDEL OTHMAN, and PETRONA GARCIA for violating Plaintiff's civil rights under Title 18 U.S.C. § 1962 et seq.

## RICO ALLEGATIONS

40.    Plaintiff ANA FRANCES BORGE re-alleges and incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41.    As detailed above in paragraphs 24 through 39 Defendants NASER OTHMAN, FIDEL OTHMAN, AHMAND OTHMAN and PETRONA GARCIA (the "RICO Defendants") conducted or participated  in the conduct of an enterprise, "PRIMOS"  through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

42.    Alternatively, the RICO Defendants, through an agreement to commit two or more predicate acts, conspired to conduct or participate in the conduct of an enterprise, "PRIMOS," through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). The actions of the RICO Defendants as against Plaintiff, and as described above, were in furtherance of the RICO  Defendants' conspiracy and in violation of 18 U.S.C. § 1962(d).

## THE ENTERPRISE

43. "PRIMOS" was and is the passive instrument of the RICO Defendants' racketeering activity and constitutes an "enterprise" as that term is defined in 18 U.S.C. § 1961(4), separate and distinct from the individual RICO Defendants named herein.

44. From approximately 2013 and continuing through the present time, the RICO Defendants, as well as others known or unknown, being persons employed by and associated with "PRIMOS" which was and is engaged in and the activities of which affected and affect interstate commerce, unlawfully and knowingly conducted or participated, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity, that is, through the commission of two or more racketeering acts set forth herein.

45. Plaintiff seeks to prohibit the RICO Defendants from utilizing the pattern of unlawful conduct in which they have continually engaged during the relevant time period.

46. The pattern of racketeering engaged in by the RICO Defendants involved at least two separate but related acts of racketeering activity, carried out from approximately 2013 through 2015, and which continue through the present time.

47. Plaintiff was directly injured by the RICO Defendants' acts of racketeering activity.

## PREDICATE ACTS & THE PATTERN OF RACKETEERING ACTIVITY

48. Section 1961(1) of RICO provides that "racketeering activity" includes any act indictable under 18 U.S.C. § 1341 (relating to mail fraud), 18 U.S.C. § 1512 (relating to tampering with a witness, victim, or an informant) 18 U.S.C. § 1513 (relating to retaliating against a witness, of unlawful conduct in which they have continually engaged during the relevant time period, 18 U.S.C. § 1519 (relating to destruction, alteration, or falsification of records

in Federal investigation and bankruptcy), 18 U.S.C. § 1028 (relating to fraud and related activity in connection with identification documents), 18 U.S.C. § 1546 (relating to fraud and misuse of visas, permits, and other documents), any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), if the act indictable under such section of such Act was committed for the purpose of financial gain.

49. The RICO Defendants' acts were not isolated, but rather formed a pattern of conduct through which the RICO Defendants used the enterprise, "PRIMOS" to defraud the IRS and United States taxpayers for personal, monetary gain, to commit SNAP/EBT fraud, and to silence Plaintiff from complaining about and exposing such illegal and fraudulent acts.

50. The pattern of the RICO Defendants' illegal racketeering activity, as defined by 18 U.S.C. § 1961(1) and (5), and 18 U.S.C. §§ 1341, 1512, 1513, 1519, 1028 and 1546 are based on the following facts:

A) Specifically, Plaintiffs, ANA FRANCES BORGE while employed by the Defendant enterprise, "PRIMOS" discovered that the enterprise, in order to avoid payment of their debts defrauding Plaintiffs and the federal government by engaging in the following criminal activities, including, but not limited to:

1. Simple Theft in the form of pyramiding of and evasion of payment of employment taxes, over-withholding of all employees' earnings and

intentionally failing to file these employment taxes to satisfy federal payroll tax requirements.[1]

2. The commission of SNAP/EBT fraud by discounting SNAP/EBT value in exchange for cash and other non-permitted purchases for 50% of the face value of the SNAP/EBTs.

3. Over-withholding of employee payroll tax and the failure to account or separately maintain said withholdings in trust in a separate account.[2]

4. Paying employees in cash to avoid or destroy evidence of payroll tax liabilities.[3]

5. Misclassifying employees as independent contractors in order to avoid payroll taxes.

---

[1] Federal law requires employers to withhold income, Social Security and Medicare tax from their employees' wages at the time that the wages are paid to the employees. 26 U.S.C. §§ 3101, 3102(a), (b), 3402, 3403. The withheld taxes are held in trust by the employer, to be remitted to the IRS at the appropriate intervals. 26 U.S.C. § 7501. Because the withheld taxes are held in trust by the employer, the funds may not be used for any other purpose. *Slodov v. United States*, 436 U.S. 238, 243 (1978). If these taxes are not timely paid to the government, it can pursue the company's officers individually for the unpaid taxes, penalties and interest. Id. at 244- 45. 26 U.S.C. § 6672(a) states, in part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

A "person" within the meaning of § 6672 includes an officer or employee of a corporation who is under a duty to perform the act with respect to the alleged violation. 26 U.S.C. § 6671(b). "To incur liability under 26 U.S.C. § 6672, an individual must be a responsible person and must willfully fail to pay over the taxes in question." *Ferguson v. United States*, 484 F.3d 1068, 1072 (8th Cir. 2007). "A responsible person is someone who has the status, duty and authority to avoid the corporation's default in collection or payment of the taxes." *Id*.

[2] §7202 of the Code which states, in relevant part: Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the cost of prosecution.

[3] 26 U.S.C.A. § 7512 requires the employer, in this case the Defendant, CTS!, Inc., and its officers to maintain a separate account for the payment of payroll taxes.

    6.   Failing to file payroll tax returns.[4]

    7.   Knowing and continuous employment of undocumented workers.[5]

B) In approximately October of 2015, Plaintiff approached Defendant NASER OTHMAN regarding the aforementioned issues and/or errors with regard to improper payment, withholding and employment of undocumented workers as well as the commission of SNAP/EBT fraud.

C) According to the observations of Plaintiffs, Defendants embarked upon an unlawful scheme and agreement to defraud the IRS and United States taxpayers by committing predicate acts to conceal, abuse and indirectly benefit from SNAP/EBT fraud and the errors and omissions contained within the IRS income tax reports relating to "PRIMOS."

D) Defendants NASER OTHMAN also attempted to intimidate Plaintiff from seeking right of access to the Courts because certain undocumented workers, because those workers had been paid in cash "under the table" and because those workers were being forced to engage in SNAP/EBT fraud.

E) Defendants NASER OTHMAN and AHMAND OTHMAN, despite Plaintiff's inquiry, neither corrected the SNAP/EBT fraud issue nor disclosed the errors and omissions to the IRS, thereby allowing GROCERY PRIMOS, INC. the corporate

---

[4] 26 U.S.C.A. § 7215 provides: Any person who fails to comply with any provision of <u>section 7512(b)</u> shall, in addition to any other penalties provided by law, be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than one year, or both, together with the costs of prosecution.

[5] Knowingly and continuously employing undocumented workers carries fines of up to $3,000 per employee and/or 6 months imprisonment. Making false statements, misusing visas and identity documents carries fines or imprisonment for up to 5 years, or both. Other federal criminal statutes may provide higher penalties in certain frauds.

enterprise, to fraudulently increase revenue while underreporting tax for its business and its employees.

F)  To conceal PRIMOS' fraudulent underreporting of the payroll tax, and SNAP/EBT fraud, Defendants NASER OTHMAN, FIDEL OTHMAN, PETRONA GARCIA and AHMAND OTHMAN forced Plaintiffs to engage in and to not report the SNAP/EBT fraud and aforementioned errors and omissions regarding payroll tax and so that the IRS errors could not be detected, to ensure that GROCERY PRIMOS, INC. business records corresponded to the IRS's erroneous reports and to ensure that GROCERY PRIMOS, INC.'S subsequent federal tax returns corresponded to the IRS's erroneous reports.

G)  The object of the conspiracy was to deprive Plaintiffs of accrued property rights and to deny access to the Florida courts by impeding, hindering, obstructing and defeating the due course of justice, and causing injury to Plaintiffs in their person, employment, business, and property.  The manner and means of accomplishing the goals and objectives of the conspiracy include, but are not limited to, the retaliatory discharge of Plaintiffs from their employment (for demanding payment for expenses and services rendered and the reporting of illegal undocumented workers employed by Defendants, for whom payroll taxes had never been paid and for demanding that Plaintiff not participate in the SNAP/EBT fraud),  threats of intimidation to prevent Plaintiff from continued opportunities as engaged by others, by employing dilatory tactics and tricks to prolong payment to Plaintiffs indefinitely, economically stressing Plaintiffs to wear them down into abandoning Plaintiffs' property and monetary

claims against Defendants, and other forms of extortion designed to coerce Plaintiffs into abandoning their rights and property.

H) All predicate acts committed by the RICO Defendants are related and were committed with a common scheme in mind: to conceal and benefit from the aforementioned payroll tax issues, to defraud the IRS and United States taxpayers through that concealment, to commit SNAP/EBT fraud, and to silence Plaintiff from exposing the errors and the RICO Defendants' unlawful actions.

I) It was part of the RICO Defendants' scheme to use the United States Postal Service to deliver fraudulent payroll tax reports to the IRS to conceal the errors contained in the IRS payroll tax reports, in violation of 18 U.S.C. § 1341.

J) It was part of the RICO Defendants' scheme to use the United States Postal Service to deliver fraudulent federal tax reports to the IRS to conceal the errors contained in the IRS payroll tax reports, in violation of 18 U.S.C. § 1341.

K) It was part of the RICO Defendants' scheme to use the electronic mail to deliver fraudulently prepared and filed tax returns for PRIMOS to the enterprises' accountant and to the IRS to benefit from the errors contained in the IRS payroll taxes for PRIMOS in violation of 18 U.S.C. § 1341.

L) It was part of the RICO Defendants' scheme to alter, destroy and falsify PRIMOS' business records to impede the discovery by relevant authorities including but not limited to the United States Department of Agriculture ("USDA") of the SNAP/EBT fraud and IRS's discovery of the errors and omissions contained in its business and payroll taxes for FYE 2013 2014, and 2015 and the RICO Defendants' illegal concealment thereof, in violation of 18 U.S.C. § 1519.

M) It was part of the RICO Defendants' scheme to alter, destroy and falsify PRIMOS' business records to obstruct the availability of those records in any future proceedings brought by the USDA and/or IRS against PRIMOS in violation of 18 U.S.C. § 1512(c)(1).

N) It was part of the RICO Defendants' scheme to attempt to persuade Plaintiff in a corrupt manner from exposing the RICO Defendants' illegal racketeering activity by inducing Plaintiffs to not report the SNAP/EBT fraud and these business tax and payroll tax errors and omissions to the Internal Revenue Service or to the enterprise's accountant, in violation of 18 U.S.C. § 1512(b)(3).

O) It was part of the RICO Defendants' scheme to attempt to persuade Plaintiff in a corrupt manner not to expose the RICO Defendants' illegal racketeering activity by conditionally offering incentives to Plaintiffs, in order to secure their silence, in violation of 18 U.S.C. § 1512(b)(3) and 18 U.S.C. § 1513(f).

P) It was part of the RICO Defendants' scheme to interfere with Plaintiff's lawful employment and livelihood by terminating Plaintiff's employment in retaliation for providing truthful information relating to the RICO Defendants' fraudulent scheme to the DOL, USDA and IRS in violation of 18 U.S.C. § 1513(e) and 18 U.S.C. § 1513(f).

Q) It was part of the RICO Defendants' scheme to interfere with Plaintiff's livelihood by threatening Plaintiffs with harm Plaintiff in retaliation for providing truthful information to law enforcement authorities relating to the RICO Defendants' scheme, in violation of 18 U.S.C. § 1513(e) and 18 U.S.C. § 1513(f).

51. As a result of the RICO Defendants' pattern of racketeering activity, the RICO Defendants have made unlawful and unwarranted financial gains and have directly interfered with Plaintiffs' lawful employment and livelihood by affecting their ability to obtain lawful employment.

52. In an effort to keep labor costs as low as possible, Defendants have engaged in the illegal hiring of persons who are not eligible for employment in the United States.

53. Defendants have accepted for employment and continued to employ workers that it knew or had reason to know were not authorized to work in the United States, and thereby conspired in an enterprise intended to depress wages overall and deprive Plaintiffs of their accrued property rights.

54. Defendants additionally engaged in a criminal enterprise by attempting to intimidate Plaintiff's with the threats if Plaintiffs did not drop their claims to be properly compensated.

55. Defendants have knowingly and recklessly accepted as proof of eligibility for employment false documents or documents that do not match the identity of the person presenting them. Although Defendants were and are aware they have been paying undocumented workers "under the table," Defendants continue to employ illegal undocumented workers and not pay payroll taxes for these individuals.

56. When Plaintiffs brought the undocumented workers' payroll issues and the SNAP/EBT fraud issues to Defendants' attention, Defendants terminated Plaintiffs in retaliation for reporting the illegal activity in Defendants' business.

57. Defendants have each committed or caused to be committed an act in further of the object of the conspiracy, knew of and adopted the goals of the conspiracy, and agreed to

its overall objective.  Each defendant intended that his conduct accomplish the goals and objectives of the conspiracy.

58. By reason of the aforementioned conspiracy, Plaintiffs' accrued property rights and civil rights have been violated and Plaintiffs have been injured and suffered damages in an as yet undetermined amount.  Plaintiffs continue to suffer the loss of property, business interests and lost profits.

59. Each Defendant acted in a willful and malicious manner with reckless disregard of Plaintiffs' rights.  Therefore, punitive damages should be awarded.

60. Plaintiffs allege and affirm that other class members have received similar treatment from Defendants, including but not limited to the aforementioned predicate acts, with others to be determined through discovery.

WHEREFORE, Plaintiffs demand judgment for all damages against all Defendants, each of them jointly, individually and severally, together with pre and post judgment interest, and all costs pursuant to 18 U.S.C. § 1964.  Plaintiffs further demand actual damages flowing from Defendants' unlawful conspiracy as may be proven at trial, together with punitive damages due to the egregious nature of the acts committed by Defendants.

## COUNT II
### *Violation of the Florida Deceptive and Unfair Trade Practices Act against All Defendants*

61. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this complaint as if set out in full herein.

62. This is an action for damages against GROCERY PRIMOS, INC., SUPER PRIMOS, INC., PRIMOS SUPERMARKET CORP.,   PRIMOS CONVENIENCE, LLC, (collectively "PRIMOS") NASER OTHMAN, FIDEL OTHMAN, AHMAND OTHMAN and PETRONA GARCIA NASER OTHMAN, FIDEL OTHMAN,

AHMAND OTHMAN and PETRONA GARCIA for violating the Florida Deceptive and

Unfair Trade Practices Act ("FDUPTA").

63.    At all times Defendants were engaged in "trade or commerce" as defined by Fla. Stat.

§ 501.203(8)

64.    Florida Statute § 501.203 defines a "consumer" as "an individual; child, by and through

its parent or legal guardian; business; firm; association; joint venture; partnership; estate;

trust; business trust; syndicate; fiduciary; corporation; any commercial entity, however

denominated, or any other group or combination."

65.    The provisions of FDUPTA § 501.201 (1) and (2) are to be understood to promote the

following policies:

     A.  To simplify, clarify, and modernize the law governing consumer protection,

        unfair methods of competition and conscionable, deceptive and unfair trade

        practices.

     B.  To protect the consuming public and legitimate business enterprises from those

        who engage in unfair methods of competition, or unconscionable, deceptive, or

        unfair acts or practices in the conduct of any trade or commerce.

66.    A violation of the FDUPTA may be based on "[a]ny law, statute, rule, regulation, or

ordinance which proscribes unfair methods of competition, or unfair, deceptive, or

unconscionable acts or practices."  *See* Fla. Stat. § 501.202(3).

67.    No specific rule or regulation is required to find conduct unfair or deceptive under the

statute.  *Department of Legal Affairs v. Father and Son Moving & Storage*, 643 So. 2d

22 (Fla. 4th DCA 1994).

68.     FDUPTA in § 501.213(1) provides "[t]he remedies of this part are in addition to remedies otherwise available for the same conduct under state or local law."

69.     Defendants caused Plaintiffs to obtain goods and services for Defendants benefit, failed to pay payroll taxes, hired undocumented workers, filed a false police report, failed to properly compensate Plaintiffs and other employees, forced Plaintiffs and other employees to engage in SNAP/EBT fraud, and otherwise engaged in other deceptive practices utilized to deprive Plaintiffs of their accrued economic rights and interests.

70.     As referenced above, Defendants engaged in illegal activity, and then subsequently failed to pay Plaintiffs wages and expenses.

71.     Defendants retaliated against Plaintiff for reporting the EBT/SNAP fraud, for asking for a W-2, and for reporting Defendants' illegal hiring of undocumented workers and failure to pay payroll taxes.

72.     Defendants intentionally and unjustifiably engaged in the unfair and deceptive acts and practices of forcing Plaintiffs to commit SNAP/EBT fraud against consumers and converting Plaintiffs' time, effort and labor for their own use.

73.     As a direct result of Defendants' unfair and deceptive actions and practices, Plaintiffs have been damaged.

        WHEREFORE, Plaintiffs demand judgment against Defendants, exclusive of prejudgment interest, for general, compensatory, consequential and expectation damages, lost profits, loss of bargain, and punitive damages, together with attorneys' fees and costs and other such relief as this Honorable Court deems just and property.

## COUNT III
### *Wage & Hour Federal Statutory Violation against*
### *PRIMOS SUPERMARKET CORP.*

74.  Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

75.  This action is brought by Plaintiffs to recover from Defendants unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

76.  Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

77.  At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

78.  Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

79. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

80. Plaintiffs seek to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

81. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiffs at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

82. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

83. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B.   Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C.   Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.   Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
*Wage & Hour Federal Statutory Violation against*
*NATHER OTHMAN and FIDEL OTHMAN*

84.   Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this complaint as if set out in full herein.

85.   At the times mentioned, Defendant**,** FIDEL OTHMAN**,** was and is now a director of Defendant, PRIMOS SUPERMARKET CORP, and exercised operational control over the Plaintiff.

86.   At the times mentioned, Defendant**,** NATHER OTHMAN**,** exercised operational control over the Plaintiff on behalf of Defendant, PRIMOS SUPERMARKET CORP.

87.   Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

88.   Defendants had operational control of the business and are thus jointly liable for Plaintiffs' damages.

89.     Defendants willfully and intentionally refused to properly pay Plaintiffs' wages as required by the law of the United States as set forth above and remains owing Plaintiffs' these wages since the commencement of Plaintiffs employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.     Adjudge and decree that Defendants have violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B.     Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.     Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.     Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.     Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *FLSA Retaliation Violation against PRIMOS SUPERMARKET CORP., NATHER OTHMAN and FIDEL OTHMAN*

90.     Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this complaint as if set out in full herein.

91.     29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this

Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

92.    Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

93.    The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

94.    The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.    Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.    Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.    Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.    Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VI**</u>
***Wage & Hour Federal Statutory Violation against***
***SUPER PRIMOS, INC.***

95.     Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

96.     This action is brought by Plaintiffs to recover from Defendants unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

97.     Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

98.     At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

99.     Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

100.    By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

101.    Plaintiffs seek to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

102.    At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiffs at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

103.    Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

104.    Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B.   Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C.   Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.   Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

### COUNT VII
*Wage & Hour Federal Statutory Violation against*
*NATHER OTHMAN and FIDEL OTHMAN*

105.   Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this complaint as if set out in full herein.

106.   At the times mentioned, Defendant**, NATHER OTHMAN,** was and is now a director of Defendant, SUPER PRIMOS, INC. and exercised operational control over the Plaintiff.

107.   At the times mentioned, Defendant**, FIDEL OTHMAN,** exercised operational control over the Plaintiff on behalf of Defendant, SUPER PRIMOS, INC.

108.   Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

109.   Defendants had operational control of the business and are thus jointly liable for Plaintiffs' damages.

110.    Defendants willfully and intentionally refused to properly pay Plaintiffs' wages as required by the law of the United States as set forth above and remains owing Plaintiffs' these wages since the commencement of Plaintiffs employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendants have violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B.    Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.    Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.    Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.    Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VIII**</u>
*FLSA Retaliation Violation against SUPER PRIMOS, INC.,*
*NATHER OTHMAN and FIDEL OTHMAN*

111.    Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this complaint as if set out in full herein.

112.    29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this

Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

113.   Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

114.   The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

115.   The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.   Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.   Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.   Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX
### *Wage & Hour Federal Statutory Violation against*
### *GROCERY PRIMOS, INC.*

116.   Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

117.   This action is brought by Plaintiffs to recover from Defendants unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

118.   Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

119.   At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

120.   Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

121.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

122.   Plaintiffs seek to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

123.   At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiffs at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

124.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

125.   Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B.   Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C.   Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.   Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT X**</u>
***Wage & Hour Federal Statutory Violation against***
***NATHER OTHMAN and FIDEL OTHMAN***

126.   Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this complaint as if set out in full herein.

127.   At the times mentioned, Defendant**,** NASER OTHMAN**,** was and is now a director of Defendant, GROCERY PRIMOS, INC. and exercised operational control over the Plaintiff.

128.   At the times mentioned, Defendant**,** FIDEL OTHMAN**,** exercised operational control over the Plaintiff on behalf of Defendant, GROCERY PRIMOS, INC.

129.   Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

130.   Defendants had operational control of the business and are thus jointly liable for Plaintiffs' damages.

131.    Defendants willfully and intentionally refused to properly pay Plaintiffs' wages as required by the law of the United States as set forth above and remains owing Plaintiffs' these wages since the commencement of Plaintiffs employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendants have violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B.    Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.    Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.    Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.    Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT XI**</u>
***FLSA Retaliation Violation against GROCERY PRIMOS, INC.,
NATHER OTHMAN and FIDEL OTHMAN***

132.    Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this complaint as if set out in full herein.

133.    29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this

Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

134.  Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

135.  The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

136.  The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.  Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT XII
### *Wage & Hour Federal Statutory Violation against*
### *PRIMOS CONVENIENCE, LLC*

137.   Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

138.   This action is brought by Plaintiffs to recover from Defendants unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

139.   Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

140.   At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

141.   Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

142.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

143.   Plaintiffs seek to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

144.   At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiffs at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

145.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

146.   Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT XIII
### *Wage & Hour Federal Statutory Violation against*
### *NATHER OTHMAN and PETRONA GARCIA*

147. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this complaint as if set out in full herein.

148. At the times mentioned, Defendant, **PETRONA GARCIA,** was and is now a director of Defendant, PRIMOS CONVENIENCE, LLC, and exercised operational control over the Plaintiff.

149. At the times mentioned, Defendant, **NATHER OTHMAN,** exercised operational control over the Plaintiff on behalf of Defendant, PRIMOS CONVENIENCE, LLC

150. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

151. Defendants had operational control of the business and are thus jointly liable for Plaintiffs' damages.

152.   Defendants willfully and intentionally refused to properly pay Plaintiffs' wages as required by the law of the United States as set forth above and remains owing Plaintiffs' these wages since the commencement of Plaintiffs employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendants have violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B.   Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.   Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.   Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT XIV**</u>
*FLSA Retaliation Violation against PRIMOS CONVENIENCE, LLC,*
*NATHER OTHMAN and PETRONA GARCIA*

153.   Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this complaint as if set out in full herein.

154.   29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this

Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

155.    Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

156.    The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

157.    The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.    Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.    Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.    Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.    Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT XV

### *VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLEBLOWER'S ACT, SECTION 448.101 AGAINST ALL DEFENDANTS*

158.    Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this complaint as if set out in full herein.

159.    At all times material hereto, the Defendants failed to comply with Florida's private sector Whistleblower's Act, Florida Statute Section 448.101, which provides, in relevant part:  "An employer may not take any retaliatory personnel action against an employee because the employee has: …(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

160.    Plaintiffs ANA FRANCES BORGE and objected to an illegal activity (i.e., the forcing employees to commit SNAP/EBT fraud, the illegal undocumented workers employed by PRIMOS, the failure of the PRIMOS defendants to provide W-2's to their employees, and the Internal Revenue Service payroll tax evasion for said undocumented workers, and improper or non-payment of employee labor) and were fired by Defendants in retaliation for their complaints.

161.    The termination of Plaintiff by Defendant was on the basis of Plaintiff complaining and objecting to the illegal activities described herein.

162.    At all relevant times aforementioned, including the time of termination of Plaintiff, Defendant, was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

163.    At the time of termination from employment the Plaintiff did perform and excel at the performance of the essential functions of her position.

164.    The Plaintiffs were qualified for their positions.

165.    The Plaintiffs were fired for objecting to illegal activities described herein.

166.    ANA FRANCES BORGE's termination from employment by Defendants was directly and proximately caused by the Defendant's unjustified retaliation against Plaintiff because of her objections to illegal activities in violation of Florida's Whistleblower's Act, Section 448.101

167.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiffs suffered serious economic losses, physical injury, as well as mental pain and suffering.

168.    Any alleged justified reason for this treatment and termination of Plaintiffs asserted by Defendants is a mere pretext for the actual reason for termination, her objections to the aforementioned illegal activity.

169.    The Defendants' actions were malicious and were recklessly indifferent to the Plaintiffs' rights pursuant to Florida' private sector Whistleblower's Act, Florida Statute section 448.101, protecting a person from retaliation for opposing illegal conduct.

170.    The aforementioned actions of Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

WHEREFORE, Plaintiffs respectfully requests that this court order the following:

A.    Grant a permanent injunction enjoining Defendants PRIMOS, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the Florida Whistleblower's Act.

B.    Reinstate Plaintiffs to the same positions they held before the retaliatory personnel action, or to an equivalent position.

C.    Reinstate full fringe benefits and seniority rights to Plaintiffs.

D. Order Defendants to make Plaintiffs whole, by compensating Plaintiffs for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to Plaintiffs' objections to illegal activity.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated December 16, 2015

                              Respectfully submitted,


                              /s/ Peter M. Hoogerwoerd_____
                              **PETER MICHAEL HOOGERWOERD, ESQ.**
                              Florida Bar No. 188239
                              **REMER & GEORGES-PIERRE, PLLC**
                              44 West Flagler Street, Suite 2200
                              Miami, FL 33130
                              Telephone: (305) 416-5000
                              Facsimile: (305) 416-5005